UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSE ROGSTAD,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN RICHARDSON,<br><br>    Respondent. | Case No. 1:23-cv-00588-REP<br><br>**INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT** |

Petitioner Jesse Rogstad, a prisoner in the custody of the Idaho Department of Correction, has filed a Petition for Writ of Habeas Corpus challenging a Kootenai County conviction for felony injury to jail property. *See* Dkt. 2. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

REVIEW OF PETITION

1.      **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition

upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2. Discussion**

This is Petitioner's third federal habeas petition challenging his conviction for injury to jail property. *See Rogstad v. Yordy*, Case No. 1:19-cv-00131-REB (D. Idaho July 15, 2020) (dismissed under Fed. R. Civ. P. 41(b)); *Rogstad v. Richardson*, Case No. 1:21-cv-00507-REP (D. Idaho May 11, 2022) (dismissed for lack of jurisdiction as unauthorized successive petition).

The instant Petition appears to be subject to summary dismissal as an unauthorized successive petition. Before a prisoner can file a second or successive federal habeas corpus petition challenging the same conviction, parole revocation, or sentence as in a previous habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("[A] district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (internal quotation marks omitted).

Petitioner's first habeas case was dismissed with prejudice in July 2020. *See Rogstad*, Case No. 1:19-cv-00131-REB, Dkt. 20 (D. Idaho July 15, 2020). Petitioner has not shown that he has received authorization from the Ninth Circuit to file a successive petition. Therefore, if the instant habeas case challenges the same conviction as that adjudicated in Case No. 1:19-cv-00131-REB, as it appears to do, it must be summarily dismissed as an unauthorized successive petition.

Plaintiff will have an opportunity to respond to this Order and to address whether the Petition in this case challenges the same conviction as his earlier habeas case.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application for Leave to File Second or Successive Petition (Dkt. 1) is DENIED. The Ninth Circuit Court of Appeals, not this Court, must authorize the filing of a successive petition.

2. Petitioner may file a response to this Order within 14 days, addressing the Court's analysis and explaining why Petitioner believes his habeas petition is not subject to summary dismissal as an unauthorized successive petition. If Plaintiff does not do so, this case may be dismissed without further notice for lack of jurisdiction, for failure to prosecute, or for failure to comply with a court order. *See* Fed. R. Civ.

P. 41(b); Rule 12 of the Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

3. Because not all parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, this case is REASSIGNED to a United States District Judge.

DATED: February 21, 2024

_____
Honorable Raymond E. Patricco
United States Magistrate Judge